NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK (CBN 149883)
Assistant United States Attorney
Chief, Asset Forfeiture Section
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone:  (213) 894-6166
    Facsimile:  (213) 894-0142
    E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DISTRICT

| UNITED STATES OF AMERICA, | NO. 2:20-cv-10101 |
|---|---|
| Plaintiff, | VERIFIED COMPLAINT FOR FORFEITURE |
| v. | [21 U.S.C. § 881(a)(6)] |
| $55,000.00 IN U.S. CURRENCY, | [D.E.A.] |
| Defendant. | |

    The United States of America brings this claim against the defendant $55,000.00 in U.S. currency ("defendant currency"), and alleges as follows:

### JURISDICTION AND VENUE

    1.    This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

///

1

2. This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendant is $55,000.00 in U.S. currency seized from Matias Castaneda ("Castaneda") on November 17, 2019, in Los Angeles, California.

6. The interests of Castaneda and Derrick Levi Granger ("Granger") may be adversely affected by these proceedings.

7. The defendant currency is in the custody of United States Marshals Service, where it shall remain subject to this court's jurisdiction during the pendency of this action.

## FACTS SUPPORTING FORFEITURE

### Surveillance at Renaissance Los Angeles Airport Hotel

8. On November 17, 2019, at approximately 9:00 p.m., members of the Orange County Sheriff's Department ("OCSD") were conducting surveillance at the Renaissance Los Angeles Airport Hotel located at 9620 Airport Boulevard in Los Angeles, California ("Renaissance Hotel"). Officers observed an African-American male, later identified as Granger, standing on the sidewalk on the east side of the Renaissance Hotel holding a grey Armani Exchange gift bag ("Armani bag"). Castaneda, driving a 2004 Chevrolet Tahoe ("Chevy Tahoe") approached Granger.[1] Granger entered the passenger seat of the Chevy Tahoe, and Castaneda drove into the parking garage of the Renaissance Hotel, parking in a "valet only" stall on the first level of the parking garage.

9. Castaneda and Granger both exited the Chevy Tahoe and walked to the rear of the vehicle, with Granger carrying the Armani bag. Castaneda opened

---

[1] Officers had previously seen the Chevy Tahoe making numerous laps around the valet area, front hotel entrance and the parking garage.

the rear hatch, removed a purple suitcase, placed it on the ground and then rolled it over towards Granger, who walked away from the Chevy Tahoe with the purple suitcase. Granger was no longer in possession of the Armani bag.

<u>Initial Encounter with Granger</u>

10. Officers approached Granger as he was pushing the purple suitcase up the parking garage ramp to the second level. The officers handcuffed Granger and instructed him to sit on the curb. A search of Granger's person revealed two cellular telephones and $1,850.00 in U.S. currency.

11. An officer asked Granger whether the purple suitcase belonged to him (Granger) and if Granger would consent to the officer looking inside. Granger denied that the purple suitcase was his, but gave consent to the officers to open it. Granger stated he had not been pushing the suitcase, explaining that "it was just there." An officer opened the suitcase and discovered three large white trash bags that were found to contain 59 plastic-wrapped bundles of methamphetamine weighing approximately 60 pounds. The bundles smelled strongly of gasoline.[2]

12. One of the officers read Granger his <u>Miranda</u> rights, and Granger stated that he understood his rights. Granger proceeded to again deny that the suitcase belonged to him, and also denied having been in possession of the Armani bag (which, as explained below, was found to contain the defendant currency). Finally, he denied that he had been involved in a narcotics transaction. He stated he was in Los Angeles on vacation with his girlfriend and signed a disclaimer denying ownership of the currency.

<u>Initial Encounter with Castaneda</u>

13. Officers approached Castaneda as he sat in the driver's seat of the Chevy Tahoe after his having delivered the purple suitcase to Granger and having

---

[2] Gas tanks are a commonly used storage area to transport methamphetamine into the United States from Mexico. It is common to recover sealed bags of methamphetamine that smell of gasoline.

received the Armani bag. Castaneda was asked to exit the vehicle, and was then handcuffed and instructed to sit on the curb separate from Granger. Officers looked inside the vehicle and saw the Armani bag on the passenger seat. When officers looked inside the bag, they saw a large stack of $100 bills with two rubber bands holding the bills together.

14. When officers initiated a conversation with Castaneda, he stated he wanted to speak with his attorney, but then proceeded, unprompted, to state that the money belonged to the "other guy," referring to Granger, and signed a disclaimer denying ownership of the currency.

15. Officers arranged for a sophisticated drug detecting canine, "Conan," to conduct a narcotic sniff of the Chevy Tahoe and the purple suitcase. The canine alerted positively, indicating that the vehicle and purple suitcase had recently been in close proximity to one or more controlled substances. The officers, having formed the opinion that the currency had been used to purchase the methamphetamine in the purple suitcase, seized the currency.

16. A subsequent count of the money seized from Castaneda totaled $55,000.00 in U.S. currency, the defendant currency.

Criminal History of Granger

17. A criminal history check of Granger revealed the following: in September 2004, Granger was convicted of carjacking and carrying a handgun without a license; in October 2010, he was convicted of driving with a suspended license; in July 2011, he was arrested for driving with a suspended license and resisting law enforcement; in September 2012, he was arrested for driving with a suspended license; in March 2013, he was convicted of driving with a suspended license; in June 2014, he was arrested for battery; in November 2015, he was convicted of operating a vehicle while intoxicated; in February 2016, he was convicted of resisting law enforcement and driving with a suspended license; in January 2017, he was convicted of operating a vehicle as a habitual traffic violator;

in December 2017, he was arrested for violating his probation; in March 2020, he was arrested for unlawful possession of a firearm by a serious violent felon, possession of methamphetamine and possession of marijuana.

Criminal History of Castaneda

18. A criminal history check of Castaneda revealed the following: in November 1996, Castaneda was arrested for possession of a controlled substance and being under the influence of a controlled substance; in June 2000, he was arrested for possession of a controlled substance and giving false identification to a law enforcement officer; in August 2005, he was convicted of hit and run damage to property; in April 2017, he was convicted of driving under the influence of alcohol; in March 2018, he was arrested for possession, sale and transportation of a controlled substance; in January 2019, he was convicted of driving under the influence of alcohol.

19. The facts above are strongly indicative of illegal drug trafficking activity and an exchange of narcotics for money. Granger and Castaneda have significant criminal histories, including Granger's arrest in a separate incident after this seizure of the defendant currency for the possession of methamphetamine and possession of firearm by a serious felon.

20. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotics trafficking, or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841, *et seq*. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that:

(a) due process issue to enforce the forfeiture of the defendant currency;

(b) due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: November 3, 2020   NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

     /s/ Steven R. Welk
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## VERIFICATION

I, Roman Gomez, hereby declare that:

1. I am a Task Force Officer with the Drug Enforcement Administration and am familiar with this investigation.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents, which I believe to be reliable.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 3, 2020 in _Los Angeles_, California.


*Roman Gomez*
ROMAN GOMEZ